JUDGE RAMOS

**14 CV      7810**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OOCL (USA) INC.,

Plaintiff,

-against-

CLASSIC LOGISTICS INC. and ADVANCED
INTERNATIONAL FREIGHT, INC.,

Defendants.

14 Civ.

COMPLAINT



Plaintiff OOCL (USA) INC., by its undersigned attorneys, as and for its complaint against

defendants CLASSIC LOGISTICS INC. and ADVANCED INTERNATIONAL FREIGHT, INC.

alleges as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as well

as the Court's pendent, supplementary and ancillary jurisdiction.

2.      Venue is proper in this judicial district as a substantial part of the events or

omissions giving rise to the claim occurred herein.

3.      Plaintiff OOCL (USA) INC. is a corporation incorporated under the laws of the

State of New York with a principal place of business at 88 Pine Street, New York, New York.

4.      Plaintiff is, and at all relevant times was, the agent of Orient Overseas Container

Line Ltd. ("OOCL").

5.      Upon information and belief, defendant CLASSIC LOGISTICS INC. ("CLI") is,

and at all relevant times was, a corporation organized and existing under the laws of the State of

New York, with its principal place of business at 230-79 International Airport Center Blvd.,

Building 4, Suite 255, Jamaica, New York.

6.      Upon information and belief, defendant CLI is, and at all relevant times was, in the business of arranging the international transport of freight on behalf of, and providing related services to, its principals, agents and customers.

7.      Upon information and belief, defendant ADVANCED INTERNATIONAL FREIGHT, INC. ("AIF") is, and at all relevant times was, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 385 Sylvan Avenue, Suite 15, Englewood Cliffs, New Jersey.

8.      Upon information and belief, defendant AIF is, and at all relevant times was, in the business of arranging the international transport of freight on behalf of, and providing related services to, its principals, agents and customers.

9.      For the benefit of defendant CLI, Plaintiff provided and/or arranged transportation of ocean container OOLU8364808 and related work, materials, labor and/or services at an agreed upon price pursuant to agreements and tariffs set forth, and incorporated by reference, in Plaintiff's ocean bill of lading OOLU2523992360 (the "Master Bills of Lading") annexed hereto as Exhibit A.

10.     In connection with the transportation and related work, materials, labor and/or services provided under the Bill of Lading, Plaintiff issued to defendant CLI invoice 3805388386 (the "Invoice") annexed hereto as Exhibit B.

11.     The total amount due and owing to Plaintiff under the Invoice is $42,419.00.

12.     Plaintiff brings this action on its own behalf and as agent for OOCL, and any other party with an interest in the subject matter hereof and has fulfilled all conditions precedent.

## FIRST CLAIM

13.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 hereof.

14.     Defendant CLI is, and at all relevant times, was contractually obligated to pay for the transportation and related work, materials, labor and/or services provided and/or arranged by Plaintiff in connection with the Bill of Lading.

15.     Defendant CLI has failed and refused to pay as agreed for the aforementioned transportation and related work, materials, labor and/or services provided and/or arranged by Plaintiff.

16.     Plaintiff has duly performed all of its contractual duties and obligations.

17.     By reason of defendant CLI's breach of contract, defendant CLI is liable to Plaintiff in the amount of $42,419.00, plus interest, attorneys' fees and costs.

## SECOND CLAIM

18.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 hereof.

19.     Upon information and belief, defendant CLI received and retained a statement of account and the aforementioned Invoice without objection.

20.     Upon information and belief, the defendant CLI had an account stated with Plaintiff.

21.     Despite due demand, the sum of $42,419.00 is now due, owing and unpaid on said account.

22.     By reason of the foregoing, defendant CLI is liable to Plaintiff in the amount of $42,419.00, plus interest, attorneys' fees and costs.

## THIRD CLAIM

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 hereof.

24.     Plaintiff provided valuable work, labor, materials and services for the benefit of defendant CLI in connection with the aforementioned Bill of Lading.

25.     Defendant CLI had knowledge of and accepted the benefit of the work, materials, labor and services performed by the Plaintiff on defendant CLI's behalf.

26.     Defendant CLI was unjustly enriched by its failure and refusal to pay as agreed for such work, labor, materials and services.

27.     By reason of the foregoing, the defendant CLI is liable to Plaintiff in the amount of $42,419.00, plus interest, attorneys' fees and costs.

## FOURTH CLAIM

28.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 hereof.

29.     Non-party Globex Logistics Ltd. issued defendant AIF's bills of lading CGHJ-04686 and CGHJ-04687 for ocean container OOLU8364808 annexed hereto as Exhibit C (the "House Bills of Lading").

30.     Defendant AIF was the consignee and the notify party on the House Bills of Lading.

31.     Upon information and belief, defendant AIF owned or was entitled to the goods in ocean container OOLU8364808 (the "Container").

32.     Upon information and belief, defendant AIF acted on behalf of the person or entity that owned or was entitled to the goods in Container (the "Goods").

33.     Upon information and belief, defendant AIF was the receiver of the Goods.

34.     Upon information and belief, defendant AIF was agent for the receiver of the Goods.

35.     Upon information and belief, defendant AIF was the transferee of the Goods.

36.     Upon information and belief, defendant AIF was agent for the transferee of the Goods.

37.     Based on the foregoing, defendant AIF was a "Merchant" pursuant to agreements and tariffs set forth, and incorporated by reference, in Plaintiff's Master Bill of Lading.

38.     Pursuant to agreements and tariffs set forth, and incorporated by reference, in Plaintiff's Master Bill of Lading, a Merchant shall be and remain jointly and severally responsible for all freight and charges due under this Bill of Lading, applicable tariffs and/or contracts together with any court costs, expenses and reasonable attorney fees incurred in collecting any sums due to Plaintiff.

39.     Defendant AIF is, and at all relevant times, was contractually obligated to pay for the transportation and related work, materials, labor and/or services provided and/or arranged by Plaintiff in connection with the Bill of Lading.

40.     Defendant AIF has failed and refused to pay as agreed for the aforementioned transportation and related work, materials, labor and/or services provided and/or arranged by Plaintiff.

41.     By reason of defendant AIF's breach of contract, defendant AIF is liable to Plaintiff in the amount of $42,419.00, plus interest, attorneys' fees and costs.

## FIFTH CLAIM

42.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 hereof.

43.     Plaintiff provided valuable work, labor, materials and services for the benefit of defendant AIF in connection with the aforementioned Bill of Lading.

44.     Defendant AIF had knowledge of and accepted the benefit of the work, materials, labor and services performed by the Plaintiff on defendant AIF's behalf.

45.     Defendant AIF was unjustly enriched by its failure and refusal to pay as agreed for such work, labor, materials and services.

46.     By reason of the foregoing, the defendant AIF is liable to Plaintiff in the amount of $42,419.00, plus interest, attorneys' fees and costs.


WHEREFORE, Plaintiff demands judgment:

(1)  on its First Claim, against defendant CLASSIC LOGISTICS INC. in the amount of $42,419.00, plus interest, attorneys' fees and costs;

(2)  on its Second Claim, against defendant CLASSIC LOGISTICS INC. in the amount of $42,419.00, plus interest, attorneys' fees and costs;

(3)  on its Third Claim, against defendant CLASSIC LOGISTICS INC. in the amount of $42,419.00, plus interest, attorneys' fees and costs;

(4) on its Fourth Claim, against defendant ADVANCED INTERNATIONAL FREIGHT, INC. in the amount of $42,419.00, plus interest, attorneys' fees and costs;

(5) on its Fifth Claim, against defendant ADVANCED INTERNATIONAL FREIGHT, INC. in the amount of $42,419.00, plus interest, attorneys' fees and costs; and,

(6)  for the costs and disbursements, including reasonable attorneys' fees, of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 25, 2014

THE LAW OFFICES OF MARK MCKEW, PLLC
*Attorneys for Plaintiff*

By: _____
    Mark L. McKew
    1725 York Ave., Suite 29A
    New York, New York 10128
    Email:  mmckew@mckewnylaw.com
    Tel: (212) 876-6783
    Fax: (646) 478-9090

EXHIBIT

A

# OOCL

COPY NON NEGOTIABLE

**BILL OF LADING**
04/27/13

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | |
|---|---|---|
| GLOBEX LOGISTICS NIREPOL CONCORD, UNIT-3/A, PLOT#3, ROAD # 6, SECTOR-1, UTTARA, DHAKA, BANGLADESH. | | |

| BOOKING NO. | BILL OF LADING NO. |
|---|---|
| 2523992360 | OOLU2523992360 |

EXPORT REFERENCES

HBL# . MLSL-OCEAN-124612 &
MLSL-OCEAN-124712
SC# PE126006

CONSIGNEE (COMPLETE NAME AND ADDRESS)

CLASSIC LOGISTICS INC.
230-79 INTERNATIONAL CENTER
BLVD., SUITE 255,
JAMAICA, NY 11413
TEL: (718) 656-6421, FAX:<C

FORWARDING AGENT-REFERENCES
FMC NO.

GLOBEX LOGISTICS
HOUSE-3, ROAD-6, SECTOR-1
UTTARA, DHAKA-1230
BANGLADESH
POINT AND COUNTRY OF ORIGIN OF GOODS

CHITTAGONG, BANGLADESH

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)   (It is agreed that no responsibility shall be attached to the Carrier or its Agents for failure to notify (see Clause 13 on reverse))

SAME AS CONSIGNEE

ALSO NOTIFY PARTY-ROUTING & INSTRUCTIONS

| PRE-CARRIAGE BY | PLACE OF RECEIPT |
|---|---|
| NORDLAKE 124S | CHITTAGONG |

| VESSEL/VOYAGE/FLAG | CTPBX02 | PORT OF LOADING | LOADING PIER / TERMINAL | ORIGINALS TO BE RELEASED AT |
|---|---|---|---|---|
| OOCL OAKLAND 030 E | | CHITTAGONG | | DHAKA |

| PORT OF DISCHARGE | PLACE OF DELIVERY | TYPE OF MOVEMENT (IF MIXED, USE DESCRIPTION OF PACKAGES AND GOODS FIELD) | |
|---|---|---|---|
| NEW YORK, USA | NEW YORK, USA | FCL / FCL | CY/CY |

( CHECK "HM" COLUMN IF HAZARDOUS MATERIAL )   PARTICULARS DECLARED BY SHIPPER BUT NOT ACKNOWLEDGED BY THE CARRIER

| CNTR. NOS. W/SEAL NOS. MARKS & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | H M | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| OOLU8364808 /BLM1258 / | | | 784 CARTONS      /FCL / FCL | /40HQ/ | |
| MAIN MARK & SHIPPING MARKS | 784 CARTONS | | 59 (FIFTY NINE) CARTONS ONLY READYMADE GARMENTS. MEN'S S/S R-NECK T-SHIRT 100% COTON S/J 200 GSM | 13863.000KGS | 62.810CBM |
| STYLE :DLXR-100 CTN MEAS :52X37X37 CM CBM: 4.00 MAIN MARK & SHIPPING MARKS | | | STYLE: DLXR-100 TTL QUANTITY : 4236 PCS/353 DZ HARMONIZED NO: 610910 INV. NO : LTL/MCI/46/2012 DT.: 20-05-2012 | | |
| AS ATTACHED RIDER | | | EXP NO: 3054-00198-2012 DT.: 20.05.2012 L/C NO.: IMP00313111 DT.: 21.03.2012 725 (SEVEN HUNDRED TWENTY FIVE) | | |
| | ** TO | | ** (SEVEN HUNDRED TWENTY FIVE) ** BE CONTINUED ON ATTACHED LIST | | |

NOTICE 1: For carriage to or from the United States of America, (i) Clauses 4 and 23 on the reverse side hereof and the Carrier's liability to a maximum of U.S.$500 per package or customary freight unit by virtue or incorporation of the U.S. Carriage of Goods by Sea Act ("COGSA"), unless the Merchant declares a higher cargo value below and pays the Carrier's ad valorem freight charge; and (ii) if carried on deck at Merchant's risk as to perils inherent in such carriage but in all other respects subject to the provisions of COGSA.
NOTICE 2: See Clause 28 on the reverse side hereof: Notice to Endorsee and/or Holder and/or Transferee.
NOTICE 3: If Goods carried on deck at Merchant's risk without responsibility for loss or damage howsoever caused.
Declared Cargo Value US$ _____ . If Merchant enters a value, Carrier's limitation of liability shall not apply and the ad valorem rate will be charged.

| FREIGHT & CHARGES PAYABLE AT / BY: | | | SERVICE CONTRACT NO. PE126006 | | COMMODITY CODE | |
|---|---|---|---|---|---|---|

| CODE | TARIFF ITEM | FREIGHTED AS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|---|
| | | | | | |

Received the Container/Package or other units indicated in the box identified as "Total No. of Containers/Packages received and acknowledged by Carrier" in apparent good order and condition, unless otherwise indicated, to be transported and delivered as herein provided.

The receipt, custody, carriage and delivery of the goods are subject to the terms appearing on the face and back hereof and to the Carrier's applicable tariff.

In witness whereof ___ original bills of lading have been signed, one of which being accomplished, the other(s) to be void.

DATE CARGO RECEIVED

24 MAY 2012

DATE LADEN ON BOARD 0

29 MAY 2012

DATED

29 MAY 2012

The printed terms and conditions appearing on the face and reverse side of this Bill of Lading are available at www.oocl.com, in OOCL's published US tariffs, and in pamphlet form:
+ STRIKE OUT FOR ON BOARD VESSEL BILL OF LADING
♦ SEE CLAUSE 1 ON REVERSE SIDE
o SEE CLAUSE 2 ON REVERSE SIDE
QF001
HQD 01/01

SIGNED CONTINENTAL TRADERS (BD) LTD
BY: _____ , as agent for

ORIENT OVERSEAS CONTAINER
LINE LIMITED ,AS CARRIER

**OOCL000001**

PAGE: 2 OF 2

COPY NON NEGOTIABLE

VESSEL: OOCL OAKLAND      VOYAGE: 030 E      BILL OF LADING NO. OOLU2523992360

| CNTR. NOS. W/SEAL NOS. MARKS & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | H M | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| | | | CARTONS ONLY<br>READYMADE GARMENTS.<br>MENS R/V-NECK S/SLV TEE, 100%<br>COMBED COTTON<br>S/J 160 GSM.<br>STYLE: DLXR-100, DLXV-100<br>TTL QUANTITY : 4350 DZNS<br>HARMONIZED NO: 610910<br>INV. NO : MKFL/153/MCI/2012<br>DT.: 17-05-2012<br>EXP NO: 0001/01847/2012 DT.:<br>20.05.2012<br>L/C NO.: IMP00313203 DT.:<br>19.04.2012<br>THIS OB/L HAS BEEN ISSUED<br>AGAINST HB/L NO: CGSJ-04686 &<br>CGSJ-04687<br>FREIGHT COLLECT<br>HS CODE:610910<br><br>THIS BL ISSUED AGAINST<br>HBL#CGSJ-04686 & CGSJ-04687,<br>CARGO TO BE RELEASED AGAINST<br>MBL AT POL AND BANK ENDORSED<br>HBL AT DESTINATION.  CARGO TO<br>BE RELEASED AGAINST MBL AT POL<br>AND BANK ENDORSED HBL AT<br>DESTINATION.  THIS IS<br>APPLICABLE WHEN HBL CONSIGNED<br>TO BENEFICIARY BANK. | | |
| TOTAL: | 784 CARTONS | | | 13863.000KGS | 62.810CBM |

OCEAN FREIGHT COLLECT
TOTAL NO. OF CONTAINERS/PACKAGES RECEIVED & ACKNOWLEDGED BY CARRIER FOR THE PURPOSE OF
CALCULATION OF PACKAGE LIMITATION (IF APPLICABLE):    1 CONTAINER(S)/PACKAGE(S)
DESTINATION CHARGES COLLECT PER LINE TARIFF, AND TO BE COLLECTED FROM THE PARTY WHO
LAWFULLY DEMANDS DELIVERY OF THE CARGO.
SHIPPER LOAD AND COUNT, CONTAINER(S) SEALED BY SHIPPER
SI RECEIVED TIME:05/29/2012 04:52 PM
BL NO:OOLU2523992360
OCEAN FREIGHT PAYABLE AT:DESTINATION
B/L TYPE:TELEX RELEASE

<C
(718) 244-0822

SIGNED BY: CONTINENTAL TRADERS (BD) LTD

, as agent for

ORIENT OVERSEAS CONTAINER
LINE LIMITED ,AS CARRIER

OOCL000002

EXHIBIT

B

ORIGINAL

| **OOCL** *We take it personally* | **OOCL (USA) Inc** As Agent For Orient Overseas Container Line Limited **INVOICE** | **PAGE NO.** : 1 |
|---|---|---|
| | | **DEBIT NOTE NO.** : 380 5388386 |
| | | **ISSUE DATE** : 6 Feb 2013 |
| | | **DUE DATE** : 6 Feb 2013 |

| **INVOICE TO** Classic Logistics Inc. 230-79 Int'l Center Blvd. #255 Jamaica, NY - 11413 United States | **CUSTOMER ID** 6873899000 | **OFFICE OF ISSUE** New York | **BILL OF LADING NO.** 2523992360 |
|---|---|---|---|
| | **SHIP TO / BY** Classic Logistics Inc. | **PLACE OF RECEIPT** Chittagong | **PORT OF LOADING** Chittagong |
| | | **PORT OF DISCHARGE** New York | **FINAL DESTINATION** New York |
| | | **VESSEL VOYAGE BOUND** OOCL OAKLAND 30E21 | **ARRIVED / DEPARTED** 26 Jun 2012 |

**REFERENCE**

**DESCRIPTION**

| Container/s OOLU8364808 40HQ | Description 59 (FIFTY NINE) CARTONS ONLY READYMADE GARMENTS. MEN'S S/S R-NECK T-SHIRT 100% COTON S/J 200 GSM STYLE: DLXR-100 TTL QUANTITY : 4236 PCS/353 DZ | Total weight 13863.000 KG | Measurement 62.810    CBM |
|---|---|---|---|

And more descriptions...

| CHARGE DESCRIPTION | BASIS | RATE | CUR | EXTENDED VALUE | EXCHANGE RATE | | | AMOUNT IN USD |
|---|---|---|---|---|---|---|---|---|
| DEPOT STORAGE | | | USD | 70181.00 | 1.00000 | | | 70,181.00 |
| **AMOUNT DUE** | | | | | | | | **70,181.00** |

*Balance*    *$42,419.00*

| **REMARKS** Other correspondence/disputes, please send to: OOCL - Finance & Accounting 801 Warrenville Road, Suite 300, Lisle, IL 60532 |
|---|

| **CUSTOMER** 6873899000 Classic Logistics Inc. | **MAILING ADDRESS** Mail check to: OOCL (USA) Inc 88 Pine St., 8th Fl Wall Street Plaza New York, NY 10005 Tel : (1) 212-4282200  Fax : (1) 212-3443430 | **BANK REMITTANCE TO** The HSBC Bank USA 1 HSBC Center Buffalo, NY 14203 Credit A/C of : Orient Overseas Container Line,Ltd. Account No. 000-127205 ABA Routing 022000020 for ACH ABA # 021001088 Wire Transfer |
|---|---|---|
| **OFFICE** New York | | |
| **DEBIT NOTE NO.** 380 5388386 | | |
| **BL NUMBER** 2523992360 | **AMOUNT DUE**  ➔ | **USD**    **70,181.00** |

Invoice Issued As Agent For Orient Overseas Container Line Limited
To be paid by due date on the invoice

**OOCL000003**

ORIGINAL



| OOCL (USA) Inc<br>As Agent For Orient Overseas Container Line Limited<br>INVOICE | | |
|---|---|---|
| PAGE NO. | : | 2 |
| DEBIT NOTE NO. | : | 380 5350936 |
| ISSUE DATE | : | 7 Jan 2013 |
| DUE DATE | : | 7 Jan 2013 |

```
OOCL INBOUND DEMURRAGE NOTICE           Issue Date: January 7 2013
_____               Enquiry Date: January 7 2013


      SUBJECT : Details of Demurrage charges incurred for containers in use.


  Bill of Lading  - 2523992360
  =============================


   CONTAINER    SIZE  PKUPLOC  RETNLOC   FREEDAYS     OVERDUE   RULE REF        RATE REF
   OOLU8364808  40HQ  NYC11    NYC11     4 days(w)    15 days   Rule-1          TierRate-1


  DEMURRAGE DATES AND CHARGES DETAILS
   CONTAINER    FREETM    FREE TIME       AVAIL     GATEOUT   CLOCK END    INVOICE          SURCHARGES
                START     EXPIRY          DATE      DATE      DATE -(REF)  AMOUNT
   OOLU8364808  29Jun12   05Jul12 23:59   27Jun12   20Jul12   20Jul12 (1)  USD 3,302.00     No data

                          Total Charges : USD 3,302.00
                          Total Surcharges : No data
                          Total Amount Due : USD 3,302.00


  CLOCK END DATE REFERENCE
  (1) : Event date; (2) : Interim Charge date; (3) : Adjustment date


  LOCATION REFERENCES
        NYC11 : Global Term. & Container Serv., Inc.


  RULE REFERENCES
        1:      Free time for Demurrage starts
                        1 working day(s) after Vessel Complete Discharge


  RATE TIER REFERENCES
        TierRate-1
              Tier Rate Type: tierRate
                      5 - 9 days,USD 168.00 (per container / day)
                      >= 10 days,USD 331.00 (per container / day)
                      1 - 4 days,USD 119.00 (per container / day)


  Please contact OOCL Customer Service for further information
```

**OOCL000004**

# EXHIBIT

# C



OOCL000012



CLASSIC LOGISTICS

BILL OF LADING   B/L No. CGSJ − 04687

(Continued from Reverse Side)
NOT NEGOTIABLE UNLESS CONSIGNED>>TO ORDER<<

Shipper / Exporter (Complete Name & Address)

MUAZUDDIN KNIT FASHION LTD.
B-31 PURBA CHANDURA,
KALIAKORE, SHAFIPUR ,
GAZIPUR, BANGLADESH.

Document No.
CGSJ- 04687

Export Reference
INV. NO : MKFL/153/MCI/2012       DT.: 17.05.2012
EXP NO: 0001/01847/2012           DT.: 20.05.2012
L/C NO.: IMP00313203              DT.: 19.04.2012

Consignee (Complete Name & Address)

ADVANCE INTERNATIONAL FREIGHT,INC.
385 SYLVAN AVENUE, SUITE #15
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-567-5781, FAX : 201-567-5783

Forwarding Agent - References GLOBEX LOGISTICS
NIREPOL CONCORD, UNIT- 3/A, PLOT # 3, ROAD# 06,
SECTOR-01 UTTARA, DHAKA, BANGLADESH.

Notify Party (Complete Name & Address)

ADVANCE INTERNATIONAL FREIGHT,INC.
385 SYLVAN AVENUE, SUITE # 15
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-567-5781, FAX : 201-567-5783

Point & Country of Origin     BANGLADESH

SURRENDERED

Domestic Routing / Export Instructions

ORIGINAL

Place of Receipt
CHITTAGONG

Port of Lading
CHITTAGONG

Place of Delivery
NEW YORK, USA

NORDLAKE, V-124S

OOCL OAKLAND, V-030E

NEW YORK, USA

For Delivery Apply To

Classic Logistics, Inc.
230-79 International Center Blvd., Suite 255
Jamaica, NY 11413
(718) 656-6421 - Fax: (718) 244-0822

PARTICULARS FURNISHED BY SHIPPER

| Marks & Numbers | No. of Pkgs. | Description of Packages & Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| MAIN MARK & SHIPPING MARKS  AS ATTACHED RIDER | 725 (SEVEN HUNDRED TWENTY FIVE) CARTONS ONLY | READYMADE GARMENTS. MENS R/V-NECK S/SLV TEE, 100% COMBED COTTON S/J 160 GSM. STYLE: DLXR-100, DLXV-100 TTL QUANTITY : 4350 DZNS HARMONIZED NO:610910 | 12,624.00 KGS | 58.29 CBM |

SHIPPED ON BOARD
MAY 29, 2012

CONTAINER NO.   SIZE      SEAL NO    QTY       MODE
OOLU8364808    40'HC     BLM 1258   725 CTNS  CFS/CY

Freight & Charges          Prepaid          Collect

FREIGHT COLLECT

IN ACCEPTING THIS BILL OF LADING, the Shipper, Consignee, Holder Insured and Owner of the goods, agree to be bound by all of its stipulations, exceptions and conditions, whether written, printed or stamped on the front or back hereof, as well as the provisions of the above Carrier's published Tariff Rules and Conditions, as fully as if they were all signed by such Shipper, Consignee, Holder or Owner.
IN WITNESS WHEREOF, three (3) Bills of Lading all of this tenor and date have been signed ONE which being accomplished, the others to stand void.

Classic Logistics, Inc.

GlobEx Logistics

BY _____
                            As Agents Only   :
              MAY 29, 2012
Total Prepaid     Month             Day
Total Collect

As·Agents
Year

OOCL000013